IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DWAYNE H. ANDERSON,                )
                                   )
                    Petitioner,    )
                                   )
        v.                         )        CV 113-149
                                   )        (Formerly CR 112-041)
UNITED STATES OF AMERICA,          )
                                   )
                    Respondent.    )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate at the Federal Correctional Institution in Estill, South Carolina, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I.     BACKGROUND

### A.      Indictment

On February 8, 2012, the grand jury in the Southern District of Georgia charged Petitioner in an eight-count indictment with one count of unlicensed dealing in firearms, four counts of possession of firearms by a convicted felon, and three counts of possession of stolen firearms. U.S. v. Anderson, CR 112-041, doc. no. 3 (S.D. Ga. Feb. 8, 2012) (hereinafter "CR 112-041"). The felon in possession of firearms counts, Two through

Five, brought pursuant to 18 U.S.C. § 922(g)(1), also included the possibility of an armed career criminal enhancement under 18 U.S.C. § 924(e).[1]  Id. at 2 and doc. no. 4.  At the time of his indictment and subsequent guilty plea, a determination had not yet been made whether Petitioner qualified for this enhancement, which carries a statutory minimum of fifteen years imprisonment.  Without the § 924(e) enhancement, each felon in possession of firearms count carried a possible statutory sentence of not more than ten years imprisonment.  The Court appointed attorney Brooks Hudson under the Criminal Justice Act to represent Petitioner.  Id., doc. no. 15.

**B.      Agreement to Plead Guilty**

On May 3, 2012, Petitioner pled guilty to Count Four, possession of firearms by a felon, and the government agreed to dismiss the seven other counts.  Id., doc. nos. 21-23.  Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that:  the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

---

[1] In pertinent part, 18 U.S.C. § 924(e) provides:
>       In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of the title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

Id., doc. no. 22, pp. 4-5. By signing the plea agreement, Petitioner also attested he understood that if he was deemed to be an armed career criminal under 18 U.S.C. § 924(e), he faced a sentence of imprisonment of not less than fifteen years nor more than life in prison. Id. at 1. By signing the plea agreement Petitioner additionally attested that he had read and understood the plea agreement and that it accurately set forth the terms and conditions of his agreement with the government. Id. at 14.

At the guilty plea hearing, United States District Dudley H. Bowen, Jr., first queried Petitioner as to his competence to proceed and found that he was competent to enter a guilty plea if he so desired. Id., doc. no. 78, Rule 11 Tr., pp. 4-5. Petitioner also testified under oath that he had enough time to discuss and prepare his case with Mr. Hudson and that he was entirely satisfied with the assistance he had received from counsel. Id. at 5. Judge Bowen reviewed that there were eight counts in the indictment and that Petitioner was offering to plead guilty to the felon in possession charge in Count Four. Id.

Judge Bowen also specifically stated that it had yet to be determined whether Petitioner would be identified as an armed career criminal and that were he determined to fall into that category, his statutory maximum penalty of ten years in prison could rise to a statutory minimum of fifteen years. Id. at 8-9. Judge Bowen explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Among the list of rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and

the right to remain silent. Id. at 9-10.

In addition, Judge Bowen reviewed the appeal and collateral attack waiver as follows:

> You agreed that you are going to waive and give up any right to appeal. And that is a waiver and a surrender of any right to challenge the fact of conviction. No Habeas Corpus petition. No appeal on sentence or anything of that sort. However, if for some reason I sentenced you above the statutory range or above the guideline range, you would get your right to appeal the sentence returned to you. However, you would forever lose your right to challenge the fact of conviction.

Id. at 11. Petitioner affirmed that he understood Judge Bowen's explanation. Id. Petitioner also affirmed that, other than the promises the government made in the plea agreement, no one had made him any promises in order to get him to plead guilty, and he affirmed that no one had given him any guarantee, prediction, or prophecy as to the sentence that would be imposed. Id. at 13.

Next, Judge Bowen heard a factual basis for the guilty plea from Special Agent Ronald Rhodes with the Bureau of Alcohol, Tobacco, and Firearms and Explosives. Id. at 13-16. Petitioner affirmed that the testimony of SA Rhodes was factual and true. Id. at 16. Petitioner also told Judge Bowen he was guilty of, and wanted to plead to, Count Four of the indictment. Id. at 17.

C.   **Sentencing**

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 34, Criminal History Category at VI, and Guideline imprisonment range at 262 to 327 months. PSI ¶¶ 40, 65, 66, 87. Judge Bowen took up Petitioner's objections in turn at the sentencing hearing,

agreeing that the first two objections concerning enhancements for the number of firearms involved and trafficking in firearms were well-founded. CR 112-041, doc. no. 34, Sent. Tr., pp. 4-33; PSI ¶¶ 29, 31.

Petitioner also objected to the armed career criminal designation under 18 U.S.C. § 924(e), arguing that the burglary and attempted burglary convictions used to apply the armed career criminal enhancement should be viewed for sentencing as the less serious crimes of breaking and entering or criminal trespass. Sent. Tr., pp. 33-41; PSI ¶¶ 37, 54, 55, 57. Judge Bowen overruled that objection and asked the probation officer to re-calculate the Advisory Guideline range in light of his rulings on the objections. Sent. Tr., p. 45.

The revised calculation was a Total Offense Level of 31, a Criminal History Category of VI, and a Guideline imprisonment range of 188 to 235 months. Id. The probation officer explained two points had been removed for the objection on the number of firearms and four points for the objection on trafficking, but the armed career criminal designation remained. Id. at 46. The probation officer further clarified that because Petitioner qualified as an armed career criminal, the higher base offense level of 34 applied for that designation, rather than the offense level for the underlying conduct, and thus despite the six point deduction for the objections to the PSI, the new Total Offense level only declined by three for an acceptance of responsibility reduction.[2] Id. at 46-47.

---

[2]According to the relevant portion of U.S.S.G. § 4B1.4(b), the offense level for an armed career criminal is the greatest of the applicable Offense Level or "34, if the defendant used or possessed the firearm or ammunition in connection with" a crime of violence or a controlled substance offense as defined in the Guidelines.

Judge Bowen recognized the statutory penalty for an armed career criminal was fifteen years to life in prison, and he accepted the Advisory Guidelines range was 188 to 235 months. Id. After hearing from defense counsel and Petitioner, Judge Bowen imposed a sentence of 210 months imprisonment to be served consecutively to any state court sentence imposed for the revocation of his probation, along with a five-year term of supervised release, a $2,000 fine, and a $100 special assessment. Id. at 47-61, 68; CR 112-041, doc. no. 29. The day after sentencing, defense counsel filed a Post-Conviction Consultation Certification which both he and Petitioner signed to verify that they had discussed the appellate process, as well as the advantages and disadvantages of pursuing an appeal, and Petitioner decided not to file an appeal. Id., doc. no. 27. In keeping with the terms of the plea agreement and the Post-Conviction Consultation Certification, Petitioner did not file a direct appeal. Petitioner did file, however, the instant § 2255 motion to vacate, set aside, or correct his sentence.

**D.    § 2255 Proceedings**

In his § 2255 motion, Petitioner raises one ground for relief that alleges he was improperly designated an armed career criminal under 18 U.S.C. § 924(e). (Doc. no. 1, p. 4.) Relying on Descamps v. U.S., 133 S. Ct. 2276 (2013) and Alleyne v. U.S., 133 S. Ct. 2151 (2013), Petitioner argues that his "non-generic," prior burglary convictions did not qualify as predicate offenses under § 924(e) and that the facts of his prior convictions used to enhance his sentence should have been submitted to a jury to properly impose the § 924(e) enhancement.[3]  (See generally id. at 8, 11-14.) Petitioner does not ask to

---

[3]As there is no dispute that Petitioner seeks to vacate, set aside, or correct his sentence under § 2255, the Court presumes that the reference to § 2241 in the title of

withdraw his guilty plea; he asks only to be resentenced without the § 924(e) enhancement.

Respondent contends that Petitioner's § 2255 motion should be denied because (1) his sentencing claims are barred by the collateral attack waiver in his plea agreement, and (2) even if they were not barred, they are without merit. (Doc. no. 5.) In his reply brief, Petitioner argues for the first time that he received ineffective assistance during the plea process because counsel did not adequately explain the plea and collateral attack waiver provision, and in any event, the "waiver is unenforceable because his sentence exceeded the statutory maximum of 10 years." (Doc. no. 9, pp. 1, 3.) He also requests an evidentiary hearing. (Id. at 5.)

## II.    DISCUSSION

### A.    There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. U.S., 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation

---

Petitioner's memorandum of law in support of his § 2255 motion is a scrivener's error. (See doc. no. 1, p. 7.)

omitted); see also Lynn v. U.S., 365 F.3d 1225, 1238-39 (11th Cir. 2004) (*per curiam*).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. U.S., 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Petitioner's request for one should be denied.

**B.    Petitioner's Valid Collateral Attack Waiver Bars His Claims Regarding Enhancement of His Sentence under § 924(e).**

It is well settled that waiver of the right to attack a sentence and conviction on direct appeal or by habeas petition is enforceable if the waiver is knowing and voluntary. U.S. v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008) (*per curiam*); U.S. v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); U.S. v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. U.S., 320 F. Supp. 2d 1362, 1364-67 (N.D. Ga. 2004) (applying case law on waiver of direct appeal to waiver of collateral attack by § 2255 motion). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then the waiver is valid. See U.S. v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); U.S. v. Howle, 166 F.3d

1166, 1168-69 (11th Cir. 1999); U.S. v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, the plea agreement signed and verified by Petitioner explicitly set forth that he was voluntarily waiving his right to a direct appeal of the conviction and sentence, as well as his right to collaterally attack the same "in any post-conviction proceeding, including a § 2255 proceeding." CR 112-041, doc. no. 22, p. 4. However, Petitioner could file a *direct appeal* of his sentence if it exceeded the statutory maximum or the Advisory Sentencing Guidelines range. Id. at 4-5. Moreover, Judge Bowen thoroughly and explicitly reviewed the appeal and collateral attack waiver provision in the plea agreement. Rule 11 Tr., p. 11. After Judge Bowen concluded his review, Petitioner acknowledged that he understood and agreed with the terms as explained by Judge Bowen. Id. at 11-12. Indeed, the Rule 11 Transcript confirms that Judge Bowen's thorough colloquy with Petitioner about all aspects of entering his guilty plea satisfied the three "core objectives" of a Rule 11 proceeding: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." U.S. v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003) (citation omitted). Thus, any claim by Petitioner that he did not know about the ramifications of the waiver provision is without merit.

While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v.

9

Allison, 431 U.S. 63, 74 (1977).  Because the record demonstrates that Petitioner knowingly and voluntarily agreed to the terms of his appeal and collateral attack waiver, the collateral attack waiver is valid and bars Petitioner's current claims about the § 924(e) enhancement.[4]

However, this finding does not end the Court's inquiry because Petitioner belatedly claims in his reply brief that he received ineffective assistance when deciding whether to enter his guilty plea.  This assertion, if found to have merit, would cast doubt not only on the validity of the appeal and collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty plea.  Indeed, courts have recognized that a defendant cannot waive the right to raise an ineffective assistance claim alleging a problem at the time he was entering the plea or regarding advice provided regarding the waiver.  Vaca-Ortiz, 320 F. Supp. 2d at 1365; see also Williams v. U.S., 396 F.3d 1340, 1342 n.2 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.").  This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily,

---

[4]Petitioner contends the appeal and collateral attack waiver does not apply by its plain language because the § 924(e) enhancement resulted in a sentence that exceeded the ten-year statutory maximum for the charge to which he plead.  (Doc. no. 9, p. 2.)  While Petitioner is correct that the waiver contains an exception for a sentence exceeding the statutory maximum, this exception allows only for a *direct appeal*, not a collateral attack in the form a § 2255 motion.  CR 112-041, doc. no. 22, pp. 4-5.  Thus, Petitioner would still be barred from bringing his § 924(e) challenge in these proceedings even if he were correct that the § 924(e) enhancement triggers the statutory maximum exception.

which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing Bushert, 997 F.2d at 1350-51). However, as discussed *infra*, the Court determines that Petitioner's ineffective assistance claim forms no basis for relief.

### C. Petitioner Is Not Entitled to Relief on the Belated Ineffective Assistance of Counsel Claim.

After reading Respondent's argument that Petitioner's claims were barred by a valid collateral attack waiver, Petitioner asserts for the first time in his reply brief that he received ineffective assistance of counsel because Mr. Hudson did not explain that he "had given up all future challenges to [his] sentence." (Doc. no. 9, p. 3.) The Court need not consider claims that are raised for the first time in a reply brief. Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court."); see Cooper v. Sec'y, Dep't of Corr., 8:08-CV-5-T-27MAP, 2011 WL 795812, at *7 (M.D. Fla. Mar. 1, 2011) ("Petitioner did not raise this claim in his petition, did not seek leave to amend to add this claim, and is barred from raising it in his Reply, since Respondent has not been afforded an opportunity to address it."). However, even if the Court were to consider the claim, it is meritless.

### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Massaro v. U.S., 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the

two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. U.S., 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome.' " Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694).   As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.   That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. U.S., 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012) (*per curiam*), cert. denied, 133 S. Ct. 484 (2012).   In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58.   Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

> **2.      Petitioner Has Not Shown Entitlement to Relief Based on the Claim of His Counsel Inadequately Explaining the Appeal and Collateral Attack Waiver.**

Petitioner fails to satisfy either prong of the Strickland standard with respect to his claim that Mr. Hudson did not explain he "had given up all future challenges to [his] sentence." (Doc. no. 9, p. 3.) First, Petitioner swore under penalty of perjury that he read

the entirety of the plea agreement and understood what it said and meant. CR 112-041, doc. no. 22, p. 14. The written agreement spelled out the waiver of the right to appeal and "collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding." Id. at 4. Petitioner also swore to Judge Bowen at the change of plea proceedings that he read, wrote, spoke, and understood English very well, had enough time to discuss and prepare his case with Mr. Hudson, and was entirely satisfied with the preparation and handling of his case by Mr. Hudson. Rule 11 Tr., pp. 4-5. As discussed above, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge, 431 U.S. at 74. In the face of the sworn proceedings memorialized in the record, Petitioner's belated, self-serving, *unsworn* claim that Mr. Hudson performed deficiently in not fully explaining the plea agreement does not satisfy the Strickland standard.

Even if the Court were to assume that, contrary to all of Petitioner's sworn assertions at the time he entered his guilty plea, Mr. Hudson had not explained the waiver provision, Judge Bowen explained it prior to accepting the guilty plea. Id. at 11. Moreover, Petitioner never states, let alone shows a reasonable probability, that he would have rejected the plea offer and gone to trial on all eight charges in the indictment had Mr. Hudson provided him the information about the waiver provision that Petitioner now claims was withheld. See Hill, 474 U.S. at 59. Thus, Petitioner has not shown prejudice and cannot satisfy the second prong of Strickland. In sum, the belated ineffective

14

assistance of counsel claim is not properly before the Court, but in any event, would not form a basis for relief.

> **D.** **Even if the Collateral Attack Waiver Did Not Bar Petitioner's Assertion That He Was Improperly Sentenced Under § 924(e), Neither _Alleyne_ nor _Descamps_ Provides a Basis for Relief.**

Even if the Court were to disregard all of the reasons set forth above as to why Petitioner is not entitled to relief in these § 2255 proceedings, his assertion that he was improperly designated an armed career criminal under 18 U.S.C. § 924(e) is without merit. Petitioner relies on two recent cases from the United States Supreme Court to contend that his "non-generic," prior burglary convictions do not qualify as predicate offenses to enhance his sentence under § 924(e), and that the facts of his prior convictions used to enhance his sentence should have been submitted to a jury. See _Descamps v. U.S._, 133 S. Ct. 2276 (2013) and _Alleyne v. U.S._, 133 S. Ct. 2151 (2013). For the reasons explained below, these two cases do not afford Petitioner the relief he seeks.

> **1.** **_Alleyne v. U.S._**

The Supreme Court held in _Alleyne_ that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. However, the rule announced in _Alleyne_ does not apply retroactively on collateral review. See _Chester v. Warden_, 552 F. App'x 887, 891 (11th Cir. 2014) (_per curiam_) ("_Alleyne_'s rule does not apply retroactively on collateral review."); _Starks v. Warden, FCC Coleman-USP I_, 552 F. App'x 869, 872 (11th Cir. 2013) (_per curiam_) (same). Thus, _Alleyne_ does not apply and fails to provide a basis for Petitioner's claim that the facts of his prior burglary

convictions should have been submitted to a jury before Judge Bowen determined he qualified for a § 924(e) enhancement.

It is also entirely unclear what facts Petitioner contends should have been submitted to a jury even if <u>Alleyne</u> did apply retroactively, which it does not. Indeed, as explained below, the fact that he was convicted of burglary on prior occasions is indisputable, and the only other issue is the purely legal one of whether these prior convictions qualify as burglary under the § 924(e) enhancement. Simply stated there are no factual issues in dispute that a jury could determine.

### 2. <u>Descamps v. U.S.</u>

Under the Armed Career Criminal Act ("ACCA"), "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has developed two methods for determining whether a prior conviction qualifies as a "violent felony" under this so-called "residual clause" of the ACCA, <i>i.e.</i>, the categorical approach and modified categorical approach. <u>Sagoes v. U.S.</u>, Nos. 1:09CR-49, 1:11CV-1188, 2014 WL 1681596, at *6 (N.D. Ga. Apr. 28, 2014) (citing <u>Taylor v. U.S.</u>, 495 U.S. 575, 600 (1990).)

The categorical approach looks only to the statutory definition of the prior offense, and if it is the same or narrower than the generic offense referenced in § 924(e), the conviction counts as a predicate and the analysis ends. <u>Id.</u> If, however, the statute is not generic, under certain circumstances, a court can use the modified categorical

approach, in which the courts may look beyond the statute to a limited class of so-called Shepard[5] documents, such as indictments and plea agreements, to determine if a defendant was convicted of each of the elements of the applicable generic offense listed as a violent felony under § 924(e). Id. at *7.

In Descamps, the Supreme Court ruled that if a statute is non-generic, a court must decide if that statute is divisible or indivisible to determine if the modified categorical approach can be used. U.S. v. Howard, 742 F.3d 1334, 1346 (11th Cir. 2014) (citing Descamps, 133 S. Ct. at 2281-82).[6] A statute is "divisible" if it "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building or an automobile." 133 S. Ct. at 2281. An "indivisible" statute, however, contains "a single, indivisible set of elements." Id. at 2282. For example, an indivisible statue would criminalize "assault 'with a weapon,' instead of criminalizing assault 'with a gun, a knife, or an explosive." Howard, 742 F.3d at 1346 (citing Descamps, 133 S. Ct. at 2290). "If a statute is indivisible, a court may not apply the modified categorical approach, and that is the end of the inquiry." Id. In that case, the prior conviction does not qualify as an ACCA predicate. Id.

Here, Petitioner's prior convictions under consideration are for burglary.

---

[5]Shepard v. U.S., 544 U.S. 13, 26 (2005).

[6] Multiple courts within the Eleventh Circuit have refused to apply Descamps on collateral review. Murphy v. U.S., No. 2:13-CV-08051, 2014 WL 1388403, at *5 (N.D. Ala. Apr. 9, 2014) (collecting cases); Strickland v. English, No. 5:13-cv-248, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013). Because the Court has determined that even if Petitioner's collateral attack waiver did not apply and even if he could raise a Descamps claim in a § 2255 motion he would not be entitled to relief, the Court need not reach the issue of whether Descamps should apply retroactively in all cases on collateral review.

"'Generic burglary' contains at least the following elements: 'an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime.'" Sagoes, 2014 WL 1681596 at *6 (citing Taylor, 495 U.S. at 598). At the time of Petitioner's state burglary convictions, the crime was punishable by more than a year in prison, and the Georgia statute stated:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part therof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).[7] The parties agree that Georgia's burglary statute is non-generic and divisible because it encompasses unlawful entry into vehicles, railroad cars, and watercraft, in addition to buildings. See doc. no. 1, pp. 11, 13 and doc. no. 5, pp. 5-8; see also Sagoes, 2014 WL at 1681596 at *7; O.C.G.A. § 16-7-1. The parties further agree that a modified categorical approach may be used to determine whether the convictions count as ACCA predicates. See doc. no. 1, p. 14; doc. no. 5, pp. 7-8; doc. no. 9, p. 1; see also Sagoes, 2014 WL at 1681596 at *7. However, according to Petitioner, because Judge Bowen "never determined the facts" of the underlying "'non-generic' divisible" burglaries used to enhance his sentence by submitting such facts to a jury and then determining whether the burglaries qualified as predicates under § 924(e), Petitioner should not have had his sentence enhanced for being an armed career criminal.

---

[7]The Georgia burglary statute was re-rewritten in 2012, but the changes did not alter the fact that conviction was possible for unlawful entry into multiple types of structures. See O.C.G.A. § 16-7-1; Laws 2012, Act 709, § 3-1, eff. July 1, 2012.

(See generally doc. nos. 1, 9.) Contrary to Petitioner's contention, however, it is clear that his prior burglary convictions qualify as predicate generic burglary offenses and were properly used to enhance his sentence under § 924(e). (See doc. no. 1, p. 14.)

When Mr. Hudson challenged the use of Petitioner's prior burglaries, Judge Bowen took a recess and asked the probation officer to gather additional information for him regarding the prior convictions. Sent. Tr., pp. 40-41. The record establishes that Judge Bowen reviewed Shepard documents to make a legal determination as to whether the prior convictions properly qualified as predicates under the generic burglary definition used for § 924(e) purposes. For example, as to the burglary conviction referenced in ¶ 54 of the PSI, Judge Bowen verified the presiding judge in that case discussed with Petitioner "the breaking and entering of a dwelling house with intent to commit a felony therein." Id. at 42. As to the burglary convictions referenced in ¶¶ 55-57 of the PSI, Judge Bowen also reviewed documentation concerning the guilty pleas and determined those convictions involved entering the house or building of another with intent to commit a crime. Id. at 43-45.

In addition, Respondent provided Shepard documents as attachments to its § 2255 opposition to confirm that the burglary offenses do qualify under § 924(e). (Doc. no. 5, Exs. A-D.) These exhibits confirm that Petitioner was convicted of at least three burglaries for entering a building, with the intent to commit a crime therein, and not for entering one of the alternative types of vehicles or boats listed in the Georgia burglary statute, O.C.G.A. § 16-7-1. (See id.) Thus, the convictions qualify as generic burglaries that count as predicate offenses under § 924(e). Petitioner does not contest any of the

information in Respondent's documents or provide any valid argument as to why the documentation provided fails to satisfy the requirements for showing that the burglaries qualify as predicate offenses for the § 924(e) enhancement.[8] Petitioner clearly amassed a criminal history that qualified him for the § 924(e) enhancement at the time of sentencing by Judge Bowen.

Finally, the Court will quickly dispense with Petitioner's argument that he is "actually innocent" of the § 924(e) sentencing enhancement. (Doc. no. 1, p. 9.) "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. U.S., 523 U.S. 614, 623 (1998). Petitioner was convicted of burglaries committed in 1986, 1987, 1988, and 1999 that Judge Bowen counted as predicate offenses under § 924(e). PSI ¶¶ 54-57; Sent. Tr., p. 66. Throughout the underlying proceedings and this collateral attack, Petitioner has never objected to the existence of his prior burglary convictions, rather as discussed in detail above, he contests whether those convictions qualify as "violent felonies" under § 924(e). Indeed, at the sentencing hearing, Mr. Hudson asked Judge Bowen to view the burglaries as some other type of offense, for example criminal trespass or criminal attempt to break and enter, but the existence of the convictions was not disputed. See, e.g., Sent. Tr., pp. 38-40. However, a prior conviction that has not been set aside by the time of sentencing under § 924(e) is presumptively valid and can be used to enhance a federal sentence. U.S. v. Roscoe, Nos.

---

[8] Petitioner suggests without legal authority that the Court should not consider Respondent's exhibits. The Court finds, as have other courts, that it is appropriate to consider the information. Sagoes, 2014 WL 1681596 at *7.

2:11-CR-37, 2:13-CV-8006, 2013 WL 5636686, at *11 (N.D. Ala. Oct. 16, 2013) (citing Daniels v. U.S., 532 U.S. 374, 382 (2001).) As the presumptive validity of the prior convictions are conclusive, Petitioner cannot use this § 2255 motion as a means to challenge the validity of the underlying state convictions. See id. Stated otherwise, Petitioner cannot bootstrap an argument that he is "actually innocent" of the crimes that resulted in the application of the § 924(e) enhancement.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 30th day of May, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA